F I L E D
United States Court of Appeals
Tenth Circuit

APR 18 1997

PATRICK FISHER
Clerk

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

UNITED STATES OF AMERICA,

    Plaintiff -Appellee,

vs.

GEORGE HOWARD,

    Defendant -Appellant.

No. 96-3162
(D.C. No. 94-CR-10043)
(D. Kan.)

ORDER AND JUDGMENT[*]

Before BRORBY, EBEL, and KELLY, Circuit Judges.[**]

Mr. Howard appeals from the denial of his 28 U.S.C. § 2255 motion to vacate sentence and request for a new trial. He contends that he did not receive a fair trial due to ineffective assistance of counsel. After an evidentiary hearing, the district court denied

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. This court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

[**] After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. The cause is therefore ordered submitted without oral argument.

relief and a certificate of appealability, 28 U.S.C. § 2253(c)(1)(B). We GRANT Mr. Howard a certificate of appealability and affirm.

Convicted by a jury of three counts of distribution of crack cocaine, 21 U.S.C. § 841(a)(1) & 18 U.S.C. § 2, one count which occurred within 1,000 feet of a university, 21 U.S.C. § 860(a), Mr. George was sentenced by the court to 168 months imprisonment. His defense at trial was entrapment. We review a claim of ineffective assistance of counsel de novo as a mixed question of law and fact, however we are bound by the district court's findings of fact unless they are clearly erroneous. Brewer v. Reynolds, 51 F.3d 1519, 1523 (10th Cir. 1995), cert. denied, 116 S. Ct. 936 (1996).

Mr. Howard contends that counsel who represented him during the criminal trial and sentencing did next to nothing to earn his $3,000 fee. In this § 2255 proceeding, Mr. Howard is represented by different counsel. Contrary to Mr. Howard's argument on appeal of the denial of the § 2255 motion, the district court found that trial counsel (1) spoke to seven or eight witnesses, (2) had a witness prepared to testify concerning two firearms counts (that were later dismissed along with a heroin distribution count); (3) attempted to locate the government's informant (Mr. Dunn), but was unable to do so; (4) talked to Mr. Howard several times in person about his case; (5) brought up the subject of plea negotiations, but was rebuffed by Mr. Howard; (6) requested an instruction on entrapment; and (7) did not call Mr. Howard's girlfriend as a witness at trial given her possible involvement in narcotics offenses and the damage this could have done to Mr.

Howard's entrapment defense. Against this backdrop of factual findings, the district court resolved the ineffectiveness claim based on lack of a showing of prejudice, i.e. Mr. Howard had not proven a reasonable probability that, but for the remaining alleged unprofessional errors, the result of the trial and sentencing would have been different. Strickland v. Washington, 466 U.S. 668, 694 (1984). "A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id.

We cannot say that the district court's findings are clearly erroneous. Taking those findings and viewing the prejudice element against a backdrop of the very strong evidence of guilt and predisposition, we do not think that the ineffectiveness claim is sustainable. The government had a strong case against Mr. Howard based upon repeated drug transactions and his taped phone conversations. Those conversations suggest an in-depth knowledge of the drug trade and voluntary distribution. To be sure, the allegation that Mr. Howard was misinformed by trial counsel of the potential maximum sentence (70 months vs. 168 months actually received) is troubling given that such an estimate may have had a bearing on whether to pursue plea negotiations. However, there is no constitutional right to a plea agreement on one's own terms, Martinez v. Romero, 626 F.2d 807, 809 (10th Cir.), cert. denied, 449 U.S. 1019 (1980), and the record is devoid of any evidence suggesting a plea resulting in a more favorable disposition would have been offered after three of the six counts were dropped. Likewise, keeping in mind

that Mr. Howard had the burden of proof on his ineffectiveness claim, Strickland, 466

U.S. at 694, we are not convinced that the results might have been different had

unspecified mitigation witnesses been summoned.

AFFIRMED.

Entered for the Court


Paul J. Kelly, Jr.
Circuit Judge